TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Steven S. Flores
*Counsel for the Chapter 11 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                             :

In re:                                       :      Chapter 11
                                             :      Case No. 03-15522 (SCC)
313 W. 77TH STREET TENANTS CORP.,  :
                                             :
                    Debtor.          :
                                             :
-------------------------------------------------------------x

**MOTION FOR AN ORDER ENFORCING THE
APRIL 15 ORDER AND IMPOSING SANCTIONS**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

        Albert Togut, the chapter 11 trustee ("Trustee") of the debtor, 313 W. 77th Street Tenants Corp. (the "Debtor"), by his attorneys Togut, Segal & Segal LLP, respectfully requests a hearing pursuant to this Court's April 15, 2011 Order, and makes this application for sanctions (the "Motion"). In support of this Motion, the Trustee states:

**RELEVANT BACKGROUND**

        1.     The instant motion is necessary because Todd Roberts ("Roberts") has still not paid his August "use and occupancy" in full. Full payment is now 19 days late. This failure is not an isolated incident, or a mere technical breach. To the contrary, it is just the latest proof that Roberts consistently disregards the jurisdiction, authority and Orders of this Court. Roberts' habitual brinksmanship has been extremely costly to the Debtor's estate. It should be halted once and for all.

2. Roberts has already been sanctioned once by this Court, and has been informed that there may be other sanctions because of his improper conduct in this bankruptcy case. Roberts has also been warned, on the record, that his conduct may have been so improper that it could rise to the level of "bankruptcy crimes." The Court has cautioned Roberts to be "very careful" about his actions going forward. *See* Exhibit ("Exh.") A to the Declaration of Steven S. Flores, Esq., dated August 19, 2011 (attached hereto as Exh. 1, hereafter, the "Flores. Decl.") (Transcript of Proceedings before the Honorable Shelley C. Chapman on March 24, 2011 at 71:20-21).

3. Roberts has continued to disregard the Order and authority of this Court, ignored the Court's numerous warnings, and continued to flout his commitments to the Trustee. On April 15, 2011, this Court entered its Order (the "April 15 Order") Granting the Trustee's Motion to Compel Maintenance Payments and For Sanctions (the "Motion to Compel").

4. Roberts frivolously delayed resolution of the Motion to Compel by, among other things:

- Insisting that an evidentiary hearing be held on the Motion to Compel even though this Court made clear that Roberts' legal arguments advanced in opposition to the Motion to Compel lacked any merit whatsoever;

- Ignoring the Court's direction to file a supplemental response in support of Roberts' opposition to the Trustee's Motion;

- Forcing the Trustee to fully prepare for a trial on the Motion to Compel; and then

- Just prior to the start of the trial set for April 4, 2011 (the "April 4 Hearing"), withdrawing all opposition to the Motion to Compel, and agreeing to make all future monthly payments on a "timely" basis.

5. The April 15 Order requires, among other things, that:

2

> Roberts . . . ***timely***[1] pay [his] maintenance and/or 'use and occupancy' payments for [his] . . . apartments, starting with the April 2011 payment which is currently due and owed . . . and if [Roberts] fail[s] to do so within twenty (20) days hereof or there is any default in their making any monthly payment, ***the Trustee may schedule a hearing for this Court to decide the matter or enforce this Order*** … .

(Flores Decl. Exh. C. (April 15 Order, at 2-3 (emphasis and footnote added)).)

6. Despite the agreements reached at the April 4 Hearing, Roberts has repeatedly failed to make "use and occupancy" payments to the Trustee unless threatened with judicial intervention.

7. Roberts' June payment was at least one week late. In July and August, Roberts failed to pay any "use and occupancy" until Trustee's counsel raised the issue of non-payment with the Court:

| Month | Court Notification | Date Payment Mailed | Amount |
|---|---|---|---|
| July | Non-payment raised by Trustee's counsel at a hearing before this Court on July 5, 2011. (*See* Flores Decl. Exh. D at 42:1-7.) | July 5, 2011 (*via* overnight courier). (*See* Flores Decl. Exh. E.) | $8,766.27 |
| August | Non-payment raised by Trustee's counsel in a letter to this Court, dated August 3, 2011. (*See* Flores Decl. Exh. F at 6 n.6.)[2] | August 3, 2011 (*via* overnight courier). (*See* Flores Decl. Exh. G.) | $5,578.62 |

---

[1] Under Roberts' proprietary leases (the "Proprietary Leases"), which Roberts insists have not been cancelled by their terms (and the Trustee disagrees), monthly payments are timely (as required by the April 15 Order), provided they are made by the first of each month. (*See* Flores Decl. Exh. B (selected pages of a Proprietary Lease, at ¶ 1(a) ("Such maintenance shall be payable in equal monthly installments in advance on the first day of each month . . . .")).)

[2] Roberts appears to have ultimately made both payments with backdated checks.

3

8. To date, Roberts has still not paid more than $3,187 due and owed for "use and occupancy" in August. Trustee's counsel notified Roberts' counsel of this deficiency on August 4, 2011, stating, in relevant part:

> I received a check from [Roberts] today, which he shipped yesterday, and the check has a date of August 1. It is a partial payment, which presumably purports to exclude the apartments for which he has delivered keys. Under the Order (attached), he must still pay for all apartments until he vacates all of his apartments. See Second "So Ordered" provision.
>
> When can we expect full payment?

(*See* Flores Decl. Exh. H.)

9. After receiving no response for 8 days, Trustee's counsel again raised the issue on August 12, by e-mail stating:

> Why hasn't Todd paid all of his maintenance yet? I raised this issue before [Raimond] left last week, but Todd has still not paid. It is now August 12. Please be advised, if I have to file a motion about this basic obligation, I will seek costs and sanctions. Your client is pushing things to the brink every month. I need a response/solution by end of day Monday.

(*See* Flores Decl. Exh. I.) Roberts has still not paid.[3]

10. Accordingly, the Trustee requests that this Court compel Roberts to comply with the payment obligations in the April 15 Order, and impose appropriate sanctions for Roberts' failure to comply. Granting the Motion is entirely appropriate since it will not only remedy Roberts' ongoing violations, but the sanctions requested will help ensure compliance in the future.

---

[3] The April 15 Order requires Roberts to pay use and occupancy on all apartments until possession of all apartments is delivered to the Trustee. (*See* Flores Decl. Exh. C at 2-3 (second "Ordered" provision).)

4

**RELIEF REQUESTED**

**Enforcement of the April 15 Order Is Needed
Because Roberts Has Chosen to Disregarded It**

11.  Pursuant to section 105 of the Bankruptcy Code, this Court has the authority to compel compliance with its orders. *See In re River Ctr. Holdings, LLC,* 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) ("[S]ection 105(a) plainly may be used 'to enforce and implement' earlier orders."); *see also NWL Holdings, Inc. v. Eden Center, Inc. (In re Ames Dep't Stores, Inc.),* 317 B.R. 260, 273-74 (Bankr. S.D.N.Y. 2004) ("[I]t is manifestly proper . . . to invoke section 105(a) 'to enforce or implement'" earlier orders).

12.  This Court also has the inherent power to compel compliance with its orders. *See Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96 (2d Cir. 2010) ("The statutory contempt powers given to a bankruptcy court under § 105(a) complement the inherent powers of a federal court to enforce its own orders."); *U.S. Lines, Inc. v. GAC Marine Fuels Ltd. (In re McLean Indus., Inc.),* 68 B.R. 690, 695 (Bankr. S.D.N.Y. 1986) ("The duty of any court to hear and resolve legal disputes carries with it the power to enforce the order."). This authority is also recognized in the April 15 Order itself. (*See* Flores Decl. Exh. C at 5 ("[T]his Court shall retain jurisdiction to hear and determine all matters arising from implementation of this Order.").)

13.  By not making his monthly payments in a timely manner, Roberts is not only violating the April 15 Order, but he is also ignoring numerous warnings from this Court, and (once again) breaking his promises of cooperation to the Trustee.

**Roberts' Conduct Makes Clear
That Sanctions Are Appropriate Now**

14.  Roberts has already been sanctioned by this Court because of his frivolous insistence on conducting a trial at the April 4 Hearing. (*See* Flores Decl. Exh. C at 3 (requiring Roberts to pay attorney's fees).) This Court has also threatened Roberts with

5

other sanctions, and warned Roberts repeatedly, because of his improper conduct at various stages in this case. (*See, e.g.*, Flores Decl. Exh. A at 71:16-22.) Roberts has had more than one opportunity to change his ways.

15. Despite the "second chances" given him, Roberts has continued to resist his obligations under the April 15 Order, failed to fully cooperate with the Trustee, and he has continued to disregard the jurisdiction and authority of this Court.

16. Roberts is well aware of his obligation to "timely" make monthly payments under the April 15 Order. Roberts was notified several times, and well in advance, that payments should be made by the first of every month. Yet, Roberts has knowingly flouted this obligation despite being warned by this Court to be "very careful" about his actions.

17. Roberts' obligations under the April 15 Order cannot be disputed. Given Roberts' demonstrated willingness to abuse the bankruptcy process with vexatious litigation and his overall intractability throughout the Debtor's bankruptcy case (that Roberts commenced in the first place), a finding of civil contempt is appropriate now.

18. It is well settled that the Court may fashion civil contempt sanctions to coerce future compliance with an order and to remedy any harm past noncompliance caused the other party. *Nisselson v. Empyrean Inv. Fund, L.P. (In re MarketXT Holdings Corp.)*, 336 B.R. 39, 58 (Bankr. S.D.N.Y. 2006) (noting civil contempt may coerce compliance and compensate the other party); *see also id.* at 66 (finding civil contempt for violation of stipulated order); *Stein & Day Inc. v. Coordinated Sys. & Servs. Corp. (In re Stein & Day, Inc.)*, 83 B.R. 221, 227 (Bankr. S.D.N.Y. 1988) (same).

19. A party may be held in civil contempt for its disregard of a court order, when it is shown that: "(i) the order which the contemnor violated was clear and unambiguous; (ii) proof of noncompliance is clear and convincing; and (iii) the

6

contemnor has not diligently attempted to comply in a reasonable manner." *In re MarketXT Holdings Corp.*, 336 B.R. at 51.

20. A finding of civil contempt is appropriate here. There can be no legitimate dispute about the clarity of the April 15 Order. Nor can there be a dispute about Roberts' non-compliance with the April 15 Order (and Roberts has not even tried to assert that he has complied).

21. Roberts has failed to pay the Trustee, or cooperate with the Trustee in full, as required.[4] Given Roberts' history of delay and obstruction, claims that Roberts is diligently trying to comply, but cannot, should ring decidedly hollow. His non-payment is a deliberate act that should not be tolerated by this Court.

22. Roberts should be compelled to fulfill all payment obligations in the April 15 Order within 3 days of the date of entry of the proposed Order attached hereto. Further, because Roberts has ignored the April 15 Order, and caused more wasteful litigation, harsh sanctions are appropriate now. **First**, because the full August payment is at least 18 days late, Roberts should be required to pay the sanction of $500 per day, starting from the second day of the month (since payment is due by the first), until full and complete payment is made. This sanction is reasonable and appropriate as it less than twice the amount of Roberts' *per diem* "use and occupancy" obligations for the apartments he claims to own. **Second**, the *per diem* sanction described above should apply to all future untimely monthly payments. **Third**, Roberts should be required to pay attorneys' fees and costs to compensate the Trustee for bringing the Motion.

---

[4] By way of example, despite the requirement in the April 15 Order that Roberts use his "best efforts" to promptly vacate his apartments (*see* Flores Decl. Exh. C at 3), Roberts has only vacated 3 apartments to date, and has failed to take appropriate steps to promptly vacate and/or turn over other apartments.

23. The Trustee respectfully submits that a finding of civil contempt for Roberts' failure to comply with the April 15 Order is fully justified by his conduct, and imposing the sanctions sought above, is the only way to ensure ongoing compliance and full cooperation from Roberts. He has flouted the April 15 Order month after month. Failing to penalize Roberts' conduct now will only encourage additional obstruction and delay.

24. Finally, the Trustee submits that the sanctions sought are appropriate even if Roberts pays the August "use and occupancy" before a hearing on this issue. Roberts should not be permitted to push every issue to the "brink," flout Orders from this Court, and drive up litigation costs, then evade judicial review and the attendant consequences by complying with indisputable Court-Ordered obligations at the last possible moment.

## NOTICE

25. The Trustee has given notice of this Motion to Roberts, the United States Trustee, and any party having filed a notice of appearance in this case. The Trustee respectfully submits that no further notice is required or necessary in the circumstances.

**WHEREFORE**, the Trustee requests entry of an Order in the form attached as Exhibit 2, together with all other and further relief that the Court deems just and appropriate.

Dated: New York, New York
August 19, 2011

ALBERT TOGUT, Chapter 11 Trustee
By his attorneys,
TOGUT, SEGAL & SEGAL LLP
By:

/s/Steven S. Flores
FRANK A. OSWALD
STEVEN S. FLORES
One Penn Plaza - Suite 3335
New York, New York 10119
(212) 594-5000