UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                            :
                                                            :
In re:                                                      :    Chapter 11
                                                            :    Case No. 03-15522 (SCC)
313 W. 77TH STREET TENANTS CORP.,                           :
                                                            :
                                Debtor.                     :
                                                            :
                                                            :
-------------------------------------------------------------x

## STIPULATION BETWEEN THE CHAPTER 11 TRUSTEE AND WOLLMUTH MAHER & DEUTSCH LLP REGARDING ITS CLAIMS FOR SERVICES PROVIDED TO THE DEBTOR

**WHEREAS**, on September 2, 2003 (the "Petition Date"), 313 W. 77th Street Tenants Corp. (the "Debtor") filed with the United States Bankruptcy Court for the Southern District of New York (the "Court") a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

**WHEREAS**, the Debtor, a cooperative housing corporation, owns real property located at 313 West 77th Street, New York, New York (the "Building"); and

**WHEREAS**, on September 3, 2003, the Debtor filed an application to employ Wollmuth Maher & Deutsch LLP (the "Wollmuth Firm") as attorneys for the Debtor (the "Retention Application"); and

**WHEREAS**, the Wollmuth Firm was paid a pre-Petition Date $20,000 retainer ("Retainer"); and

**WHEREAS**, on September 30, 2003, an objection to the Retention Application was filed on behalf of the Debtor's two minority shareholders ("Minority Shareholders") as well as its co-op sponsor/mortgagor ("Objection"); and

**WHEREAS**, on October 24, 2003, the U.S. Trustee filed an objection to the Retention Application (together with the Objection, the "Objections"); and

**WHEREAS**, a hearing to consider the Retention Application and the Objections was adjourned and ultimately they were never considered by the Court; and

**WHEREAS**, by notice dated June 30, 2010, Albert Togut was appointed as the chapter 11 trustee ("Trustee") for the Debtor which appointment was approved by Order dated July 7, 2010; and

**WHEREAS,** the Wollmuth Firm advises that it has incurred fees of approximately $300,000 on account of post-Petition Date services rendered to the Debtor; and

**WHEREAS**, on September 13, 2011, the Trustee entered into a Stipulation of Settlement with Todd Roberts, the current mortgagor and majority owner of the Debtor, who owns an interest in 7.5 units in the Building ("Roberts"); David Jacquin, an owner of 1.5 units in the Building ("Jacquin"); the Minority Shareholders and certain other parties in interest (the "Global Settlement"), regarding, among other things, the settlement of the Trustee's Adversary Proceedings against Roberts and Jacquin, as well as the sale of the Building pursuant to section 363 of the Bankruptcy Code; and

**WHEREAS**, the Wollmuth Firm has agreed to cap its fee claim (the "Wollmuth Claim"); and

2

**WHEREAS**, to avoid the additional cost to address the Wollmuth Claim as a substantial contribution claim under section 503(b)(4) of the Bankruptcy Code or otherwise.

**NOW, THEREFORE, IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED**, by and between the Trustee and Wollmuth Firm that:

1. Upon the entry of this Stipulation as a final, nonappealable Order of the Court, the Wollmuth Claim will be allowed as an administrative claim for substantial contribution to the Debtor under section 503(b)(4) of the Bankruptcy Code in the amount of $70,000 against which it shall apply the Retainer, leaving a balance of $50,000 to be paid solely from the proceeds of the sale of the Building, and in accordance with any Chapter 11 plan proposed by the Trustee or the further order of this Court.

2. The Wollmuth Firm shall have no other or further claims against the Debtor, the Trustee or this estate.

3. This Stipulation constitutes the entire agreement between the parties hereto and may not be amended or modified in any manner except by a writing signed by each of the parties or their counsel.  Each of the parties hereto represents that he is empowered, and has taken all action necessary to enable him to enter into, and perform in accordance with, this Stipulation.

4. This Stipulation shall be binding upon the Wollmuth Firm and the Trustee and each of their successors and assigns.

[concluded on following page]

5. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to this Stipulation.

Dated: New York, New York
March 21, 2013

ALBERT TOGUT, Chapter 11 Trustee
By his Counsel
TOGUT, SEGAL & SEGAL LLP
By:

/s/Frank A. Oswald
FRANK A. OSWALD
STEVEN FLORES
For the Firm
One Penn Plaza, Suite 3335
New York, New York 10019
Telephone: (212) 594-5000

Dated: New York, New York
March 21, 2013

WOLLMUTH MAHER & DEUTSCH, LLP
By:

/s/James N. Lawlor
JAMES N. LAWLOR
A Member of the Firm
One Gateway Center
9th Floor
Newark, NJ 07102
Telephone: (973) 733-9200

**IT IS SO-ORDERED:**
April 3, 2013
New York, New York

*/s/ Shelley C. Chapman*
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

5